1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LOURDES VASQUEZ,                          Case No.  1:24-cv-00595-JLT-BAM

12              Plaintiff,                       **FINDINGS AND RECOMMENDATIONS
                                                 REGARDING PLAINTIFF'S MOTION
13        v.                                     FOR SUMMARY JUDGMENT OR
                                                 REMAND**
14    COMMISSIONER OF SOCIAL
      SECURITY,                                  (Docs. 11, 15)
15
                Defendant.
16

17                         **Findings and Recommendations**

18                                **INTRODUCTION**

19        Plaintiff Lourdes Vasquez ("Plaintiff") seeks judicial review of a final decision of the

20    Commissioner of Social Security ("Commissioner") denying her applications for disability

21    insurance benefits under Title II of the Social Security Act and for supplemental security income

22    under Title XVI of the Social Security Act.  The matter is currently before the Court on the

23    parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A.

24    McAuliffe for the issuance of findings and recommendations.

25        Having considered the briefing and record in this matter, the Court finds that the decision

26    of the Administrative Law Judge ("ALJ") is supported by substantial evidence as a whole and is

27    based upon proper legal standards.  Accordingly, the Court will recommend that Plaintiff's

28    motion for summary judgment and appeal from the administrative decision of the Commissioner

                                            1

1   of Social Security be denied, the Commissioner's request to affirm the agency's determination to

2   deny benefits be granted, and judgment be entered in favor of Defendant Commissioner of Social

3   Security.

### FACTS AND PRIOR PROCEEDINGS

5   Plaintiff filed an application for disability insurance benefits and an application for social

6   security income on January 31, 2022.  AR 236-39, 240-49.[1]  Plaintiff alleged she became disabled

7   on December 15, 2020, due to chronic ankle pain and vertigo.  AR 236, 240, 265.  Plaintiff's

8   applications were denied initially and on reconsideration.  AR 113-16, 123-27, 129-33.

9   Subsequently, Plaintiff requested a hearing before an ALJ, and following a hearing, ALJ Young

10  Bechtold issued an order denying benefits on September 8, 2023.  AR 14-27, 34-58.  Thereafter,

11  Plaintiff sought review of the decision, which the Appeals Council denied, making the ALJ's

12  decision the Commissioner's final decision.  AR 1-5.  This appeal followed.

### Relevant Hearing Testimony and Medical Record

14  The relevant hearing testimony and medical record were reviewed by the Court and will

15  be referenced below as necessary to this Court's decision.

### The ALJ's Decision

17  On September 8, 2023, using the Social Security Administration's five-step sequential

18  evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security

19  Act.  AR 17-27.  Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful

20  activity since December 15, 2020, the alleged onset date.  AR 19-20.  The ALJ identified the

21  following severe impairments:  peroneal tendinitis and complex regional pain syndrome of the

22  right leg.  AR 20.  The ALJ determined that Plaintiff did not have an impairment or combination

23  of impairments that met or medically equaled any of the listed impairments.  AR 20.  Based on a

24  review the entire record, the ALJ found that Plaintiff retained the residual functional capacity

25  ("RFC") to perform light work except she should avoid all hazards such as unprotected heights

26  and moving machinery, should avoid extreme cold temperatures, and could stand/walk for 4

27

28  [1] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

2

1  hours during the day.  AR 20-24.  With this RFC, the ALJ determined Plaintiff could perform her

2  past relevant work as an electronics assembler.  Additionally, the ALJ determined that there were

3  other jobs existing in the national economy that Plaintiff could perform, such as mail clerk,

4  productions helper, and ticket taker.  AR 25-26.  The ALJ therefore concluded that Plaintiff had

5  not been under a disability from December 15, 2020, through the date of the decision.  AR 26.

6  **SCOPE OF REVIEW**

7  Congress has provided a limited scope of judicial review of the Commissioner's decision

8  to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations,

9  this Court must determine whether the decision of the Commissioner is supported by substantial

10  evidence.  42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla,"

11  *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v.*

12  *Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a

13  reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.

14  The record as a whole must be considered, weighing both the evidence that supports and the

15  evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler*, 760 F.2d 993, 995

16  (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the

17  proper legal standards.  *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This

18  Court must uphold the Commissioner's determination that the claimant is not disabled if the

19  Commissioner applied the proper legal standards, and if the Commissioner's findings are

20  supported by substantial evidence.  *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d

21  509, 510 (9th Cir. 1987).

22  **REVIEW**

23  In order to qualify for benefits, a claimant must establish that he or she is unable to engage

24  in substantial gainful activity due to a medically determinable physical or mental impairment

25  which has lasted or can be expected to last for a continuous period of not less than twelve months.

26  42 U.S.C. § 1382c(a)(3)(A).  A claimant must show that he or she has a physical or mental

27  impairment of such severity that he or she is not only unable to do his or her previous work, but

28  cannot, considering his or her age, education, and work experience, engage in any other kind of

3

1    substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882

2    F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v.*

3    *Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

4                                    **DISCUSSION**[2]

5          Plaintiff contends that the ALJ's RFC determination is not supported by substantial

6    evidence because the ALJ failed to fully develop the record with regard to Plaintiff's physical

7    condition. (Doc. 11 at 2, 5.) Plaintiff also contends that the ALJ failed to offer any reasons for

8    rejecting Plaintiff's subjective complaints. (*Id.* at 2, 7.)

9          **A.  Duty to Develop the Record**

10         Plaintiff first argues that the ALJ failed his duty to develop the record and obtain an

11   updated medical opinion regarding Plaintiff's physical condition. (Doc. 11 at 5.)

12         It is Plaintiff's burden to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th

13   Cir. 1990); 42 U.S.C. § 423(d)(5)(A). ("An individual shall not be considered to be under a

14   disability unless he furnishes such medical and other evidence of the existence thereof as the

15   Commissioner of Social Security may require."); 20 C.F.R. §§ 404.1512(a), 416.912(a) ("[Y]ou

16   have to prove to us that you are ... disabled ...."); *Wagner v. Comm'r of Soc. Sec.*, No. 1:22-cv-

17   01566-CDB, 2024 WL 1312214, at *9 (E.D. Cal. Mar. 27, 2024) (acknowledging plaintiff's

18   burden to establish disability). In this case, Plaintiff submitted an opinion from an unknown

19   provider on a partially completed medical source statement form. AR 1372-73. The ALJ found

20   that this unsigned, partially blank opinion was not persuasive. AR 23-24. Plaintiff also submitted

21   an opinion from a physician's assistant on a form for disability evaluation. AR 1395-96. The

22   ALJ similarly found that this opinion was not persuasive, noting that the author was not a care

23   provider but someone "covering for" the care provider. AR 24. The ALJ also found that many of

24   the limitations were not consistent with Plaintiff's own statements, nor were they supported by

25   any relevant symptoms, findings, or treatment. AR 24. Plaintiff does not forward any arguments

26

27   [2] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

28

                                       4

1    suggesting that the ALJ's evaluation of these opinions was erroneous.

2         Plaintiff instead asserts that the only opinions of record, other than that of the non-treating

3    physician's assistant, came from the state agency medical consultants.  (Doc. 11 at 5.)  Plaintiff

4    contends that because the state agency medical consultants opined that Plaintiff did not have a

5    severe medical impairment and did not include any functional limitations, the ALJ "did not have

6    any opinion from a medical source who understood Plaintiff's impairment."  (*Id.*)  Plaintiff

7    therefore contends that the ALJ should have obtained a consultative examination to indicate the

8    severity of Plaintiff's impairment.  (*Id.*)  The Court disagrees.

9         Plaintiff failed to submit any complete medical opinions from a treating or examining

10   source as to her ability to work or her functional limitations related to her physical condition.

11   Because it is Plaintiff's burden to establish disability, the mere absence of an opinion from an

12   examining (or even a treating) physician does not give rise to a duty to develop the record; rather,

13   that duty is triggered only where there is an inadequacy or ambiguity. *Bayliss v. Barnhart*, 427

14   F.3d 1211, 1217 (9th Cir. 2005); *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)

15   ("[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous

16   evidence or when the record is inadequate to allow for proper evaluation of the evidence.");

17   *Cindy T. v. Kijakazi*, No. 21-cv-00005, 2022 WL 16633010, at *3 (S.D. Cal. Sept. 23, 2022)

18   ("Because it is Plaintiff's burden to present evidence in support of her alleged disability, the mere

19   absence of a report from a treating or examining physician does not give rise to a duty to develop

20   the record.").

21        Here, there is no indication that the record was inadequate or ambiguous, such that it

22   triggered the ALJ's duty to further develop the record.  The record in this case included Plaintiff's

23   testimony, treatment records spanning from December 15, 2020, through May 25, 2023, a third-

24   party function report from Plaintiff's daughter, and the opinions of the state agency medical

25   consultants.  AR 43-52, 55, 57, 59-69, 70-80, 83-96, 97-110, 282-89.  The ALJ summarized

26   Plaintiff's testimony, certain of her treatment records, her daughter's third-party function report,

27   and the opinions of the state agency medical consultants.  AR 21-24.  Absent any inadequacy or

28   ambiguity, the ALJ was not required to request a consultative examination.  *See*, *e.g.*, *LeBeouf v.*

5

*Saul*, No. 1:19-cv-00201-BAM, 2020 WL 5702240, at *10-11 (E.D. Cal. Sept. 24, 2020)

(concluding ALJ was not required to request a consultative examination in part because the

"record contained what appears to be Plaintiff's complete treatment records, which supported the

ALJ's finding and did not present an ambiguity or inadequacy."); *see also Wagner*, 2024 WL

1312214, at *9-10 (determining absence of opinion from treating or examining physician did not

give rise to duty to develop record where record contained opinions of state agency medical

consultants, plaintiff's testimony, and plaintiff's complete medical records); *Harrison v. Saul*, No.

1:19-cv-01683-BAM, 2021 WL 1173024, at *5-6 (finding absence of report from treating or

examining source did not give rise to duty to develop the record where record contained opinions

of state agency physicians and plaintiff's complete treatment records).  Moreover, the ALJ held

the record open after the hearing for Plaintiff to supplement with additional records.  AR 17, 40.

An ALJ can discharge the duty to develop the record further by "keeping the record open after the

hearing to allow supplementation of the record." *Tonapetyan*, 242 F.3d at 1150; *Tidwell v. Apfel*,

161 F.3d 599, 602 (9th Cir. 1989) (ALJ satisfied duty to develop the record by keeping record

open for supplementation).

　　　　Plaintiff further argues that the ALJ "impermissibly played doctor" and "randomly

allocated limitations [in the RFC] unsupported by the record."  (Doc. 11 at 5.)   An RFC "is the

most [one] can still do despite [his or her] limitations" and it is "based on all the relevant

evidence in [one's] case record," rather than a single medical opinion or piece of evidence. 20

C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) ("We will assess your residual functional capacity based

on all of the relevant medical in your case record.").  Indeed, "[t]he RFC need not mirror a

particular opinion; it is an assessment formulated by the ALJ based on all relevant evidence."

*Ashlock v. Kijakazi*, No. 1:21-cv-01687-GSA, 2022 WL 2307594, at *3 (E.D. Cal. June 27,

2022); *see Gonzalez v. Kijakazi*, No. 1:21-cv-01676-SKO, 2023 WL 6164086, at *6 (E.D. Cal.

Sept. 21, 2023) ("The nature of the ALJ's responsibility is to interpret the evidence of record,

including medical evidence."); *Mills v. Comm'r of Soc. Sec.*, No. 2:13-CV-0899-KJN, 2014 WL

4195012, at *4 n.8 (E.D. Cal. Aug. 22, 2014) ("[B]ecause it is the ALJ's responsibility to

formulate an RFC that is based on the record *as a whole*, ... the RFC need not exactly match the

6

1    opinion or findings of any particular medical source."); *accord Macias v. O'Malley*, No. 1:22-cv-

2    01283-JLT-SKO, 2024 WL 51352, at *7 (E.D. Cal. Jan. 4, 2024) (rejecting argument that ALJ's

3    conclusion "must mirror one specific medical opinion"), report and recommendation adopted, No.

4    1:22-CV-1283 JLT SKO, 2024 WL 246173 (E.D. Cal. Jan. 23, 2024).

5        In this instance, the ALJ did not improperly substitute his own opinion for a medical

6    opinion.  Rather, with respect to Plaintiff's physical limitations, the ALJ considered the prior

7    administrative medical findings of the state agency physicians, Drs. H. Pham and J. Rule,

8    regarding Plaintiff's physical RFC.  AR 23.  Both of those physicians determined that Plaintiff

9    did not have a severe physical impairment, and did not identify any physical limitations.  AR 66-

10   67, 69, 77-78, 79-80, 91-92, 95.   In fact, at the initial determination level, Dr. Pham noted

11   Plaintiff had a stress fracture that was completely healed, a negative MRI, normal range of motion

12   and normal gait, and there was no support for the diagnosis of complex regional pain syndrome.

13   AR 66, 77.  On reconsideration, Dr. Rule indicated that the medical evidence showed no

14   significant functional limitation due to a physical impairment.  AR 91, 105.

15       The ALJ evaluated the persuasiveness of those opinions as required under the relevant

16   regulations.  AR 23.  To that end, the ALJ found that their opinions indicating that Plaintiff's

17   "right lower extremity impairment is non-severe are not persuasive because the record shows

18   ongoing complaints of pain and swelling despite normal radiographic findings."  AR 23.

19   Additionally, the ALJ disagreed with the conclusion that "the normal findings negate the

20   diagnosis of complex regional pain syndrome."  AR 23.  The ALJ therefore determined that the

21   medical record supported a finding that Plaintiff had severe physical impairments and included

22   limitations in the RFC to address those impairments, such as a stand/walk limitation.  AR 20, 23.

23       Plaintiff does not challenge the ALJ's evaluation of the state agency physician opinions.

24   As noted above, Plaintiff instead argues that the ALJ "impermissibly played doctor and randomly

25   allocated limitations that are unsupported by the record."  (Doc. 11 at 5.)  However, there is no

26   indication that Plaintiff made medical judgments based on raw medical data in developing

27   Plaintiff's RFC.  Although Plaintiff asserts that the ALJ failed to provide any support for the

28   limitation that Plaintiff could stand/walk for four hours (Doc. 11 at 5.), the ALJ explained that

1  Plaintiff's limitation to light work and standing/walking for 4 hours was due to her combined

2  impairments.  The ALJ specifically found that the medical record supported some limitations on

3  walking, but not a total preclusion from all walking.  AR 22.  For instance, the ALJ indicated that

4  the record did not show that Plaintiff needed to elevate her legs for 50% of the day.  AR 24.

5  Additionally, the ALJ noted that Plaintiff's daily activities included going to school two days per

6  week and going to medical appointments three days per week, which indicated that "she is able to

7  do some walking."  AR 22.  The ALJ also found that standing/walking restrictions imposed by

8  the physician's assistant were inconsistent with Plaintiff's ability to walk without discomfort

9  wearing a brace.  AR 24.

10       Plaintiff also argues that the ALJ failed to provide any rationale as to how he determined

11  the RFC.  (Doc. 11 at 5.)  However, the ALJ explained that the limitation from hazards addressed

12  Plaintiff's complex regional pain syndrome and peroneal tendinitis, as well as ambulation with a

13  custom brace.  AR 22.  The ALJ also explained that the hazard precautions were consistent with

14  Plaintiff's complaints of vertigo.  AR 24.  Further, the ALJ indicated that the imposed

15  temperature restrictions were based on a recommendation by Plaintiff's physician.  AR 22, 24,

16  1396.  The ALJ's assessment of an RFC that is consistent with the record does not constitute an

17  imposition of the ALJ's lay interpretation of the medical evidence.  *Gonzalez*, 2023 WL 6164086,

18  at *7.

19       For these reasons, the Court finds that the ALJ was not obligated to further develop the

20  record.

21       **B.  Subjective Complaints**

22       Plaintiff next argues that the ALJ failed to present clear, and convincing reasons for

23  discounting Plaintiff's subjective complaints.  (Doc. 11 at 7.)

24       In deciding whether to admit a claimant's subjective complaints, the ALJ must engage in a

25  two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r of*

26  *Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).  First, the claimant must produce objective

27  medical evidence of his impairment that could reasonably be expected to produce some degree of

28  the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step

8

1   and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding

2   the severity of his symptoms only by offering specific, clear and convincing reasons for doing so.

3   *Id.* at 1015.

4         Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably

5   be expected to cause the alleged symptoms, but discounted her statements concerning the

6   intensity, persistence and limiting effects of those symptoms.  AR 21.  The ALJ was therefore

7   required to provide specific, clear and convincing reasons for discounting Plaintiff's subjective

8   complaints.

9         The Court finds that the ALJ provided specific and legitimate reasons for discounting

10  Plaintiff's subjective complaints.  First, the ALJ considered whether Plaintiff's subjective

11  complaints were consistent with the objective medical evidence of record.  AR 21.  While a lack

12  of objective medical evidence cannot form the sole basis for discounting testimony, inconsistency

13  with the medical evidence or medical opinions can be sufficient. *See Woods v. Comm'r of Soc.*

14  *Sec.*, No. 1:20-cv-01110-SAB, 2022 WL 1524772, at \*10 n.4 (E.D. Cal. May 13, 2022) (citing

15  *Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008); 20 C.F.R. 416.929(c)(2)

16  (consideration of objective medical evidence, including laboratory diagnostic techniques); SSR

17  16-3p, 2017 WL 5180304, at \*5 ("We must consider whether an individual's statements about the

18  intensity, persistence, and limiting effects of his or her symptoms are consistent with the medical

19  signs and laboratory findings of record."); *see also Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir.

20  2022) ("When objective medical evidence in the record is inconsistent with the claimant's

21  subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."); *accord*

22  *Dittmer v. Comm'r of Soc. Sec.*, No. 1:22-CV-01378-SAB, 2024 WL 967439, at \*9 (E.D. Cal.

23  Mar. 6, 2024) ("Ninth Circuit caselaw has distinguished testimony that is 'uncorroborated' by the

24  medical evidence from testimony that is 'contradicted' by the medical records, deeming the latter

25  sufficient on its own to meet the clear and convincing standard.").  The ALJ appropriately

26  contrasted Plaintiff's subjective complaints with the medical record.  For example, in assessing

27  Plaintiff's physical impairments, the ALJ highlighted relatively normal findings, such as a healed

28  fracture in her right ankle by November 2021 (AR 22, 397 ["No evidence of non-healed fracture .

9

1  . ."], 399 [No fractures . . ."]), and normal lower extremity nerve conduction studies (AR 22,

2  1592, 1593).  Further, the ALJ found Plaintiff's allegations of pain with prolonged walking

3  inconsistent because there was no indication that she experienced pain whenever she walked, and

4  the medical record "support[ed] some limitations, but not a total preclusion from all walking."

5  AR 22.  As another example, the ALJ found that Plaintiff's "alleged need to elevate her leg is not

6  reflected in the medical record, except to the extent that the claimant has made statements

7  indicating that it helps to elevate her leg, and her doctors have advised her to continue doing so,

8  without specific advice as to frequency or amount of time she should spend with her leg

9  elevated."  AR 22, 646, 654, 1488, 1490.

10      Second, the ALJ discounted Plaintiff's subjective complaints based on her activities of

11  daily living.  AR 22.  An ALJ may properly discount a claimant's subjective complaints when the

12  daily activities demonstrate an inconsistency between what the claimant can do and the degree

13  that disability is alleged. *Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012) (an ALJ may

14  consider "whether the claimant engages in daily activities inconsistent with the alleged

15  symptoms"), superseded by regulation on other grounds. Here, the ALJ appropriately determined

16  that Plaintiff's allegations were inconsistent with her daily activities.  For instance, the ALJ found

17  that Plaintiff's daily activities included "going to school two days per week and going to medical

18  appointments three days per week, which indicates she is able to do some walking."  AR 22.  The

19  ALJ also found Plaintiff's testimony that she was able to drive for a few hours at a time

20  "inconsistent with her statements indicating that she needed to elevate her leg, or suggests that the

21  need to elevate the leg is for brief or intermittent periods."  AR 22.  Even where a plaintiff's

22  activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's

23  testimony to the extent that they contradict claims of a totally debilitating impairment. *Molina*,

24  674 F.3d at 1113.

25      Third, the ALJ discounted Plaintiff's allegations based on the effectiveness of her

26  treatment and medications.  AR 22.  The effectiveness of medication or treatment is a relevant

27  factor in determining the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3),

28  416.929(c)(3); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical

1    treatment successfully relieving symptoms can undermine a claim of disability.").  Here, the ALJ

2    contrasted Plaintiff's allegations of right ankle pain and swelling with evidence that with custom

3    braces she was able to ambulate without discomfort.  AR 22, 1377.  The ALJ also pointed out that

4    Plaintiff was prescribed medications for her complex regional pain syndrome, and consistently

5    reported to her podiatrist that the medications helped.  AR 22, 370, 373.  When she later reported

6    that she was not experiencing any relief from the medications, her medications were changed.

7    AR 22, 404-05,407-08, 414-15, 1325-26, 1334-35.

8            Insofar as Plaintiff suggests that the ALJ erred by failing to mention every factor set forth

9    in the regulations or SSR 16-3p in evaluating the intensity, persistence, and limiting effects of

10   Plaintiff's symptoms, this suggestion is not persuasive. The factors in SSR 16-3p are a recitation

11   of the factors set forth in the regulations at 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). SSR

12   16-3p, 2017 WL 5180304, at *7. The regulations state only that the ALJ will consider these

13   factors, and not that the ALJ is required to specifically discuss each of these factors in the

14   decision. *See*, *e.g.*, *Williams v. Comm'r of Soc. Sec.*, No. 1:21-cv-01000-SAB, 2022 WL 3030270,

15   at *4 (E.D. Cal. Aug. 1, 2022) (disagreeing with plaintiff's argument that the ALJ is required to

16   "develop a written record concerning consideration of every factor" set forth in 20 C.F.R. §

17   404.1529(c)(3)); *Torres v. Comm'r of Soc. Sec.*, No. 1:19-cv-00067-SAB, 2020 WL 91996, at *5

18   (E.D. Cal. Jan. 8, 2020) (concluding ALJ not required to specifically discuss each of the factors

19   set forth in 20 C.F.R. § 404.1529(c)). Similarly, SSR 16-3p does not require the ALJ to discuss

20   expressly each of these factors. SSR 16-3p, 2017 WL 5180304, at *8 (The ALJ need only

21   evaluate "the factors that are relevant to assessing the intensity, persistence, and limiting effects

22   of the [claimant's] symptoms.").  As discussed, the ALJ considered at least three of the relevant

23   factors, namely, daily activities, effectiveness of medication and treatment, and the objective

24   medical evidence.  *See* 20 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

25           The Court concludes that the ALJ provide clear and convincing reasons for discounting

26   Plaintiff's subjective complaints.  Even if one of the reasons for discounting those complaints was

27   invalid, any such error is harmless because the ALJ provided other valid reasons for discounting

28   Plaintiff's subjective testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155,

1  1161-63 (9th Cir. 2008) (finding that two invalid reasons to reject a claimant's testimony were

2  harmless error where the ALJ articulated two other reasons supported by substantial evidence in

3  the record); *Molina*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("several of our cases have held that an

4  ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a

5  claimant's testimony, but also provided valid reasons that were supported by the record").

6                              **CONCLUSION AND RECOMMENDATION**

7        Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial

8  evidence in the record as a whole and is based on proper legal standards.  Accordingly, IT IS

9  HEREBY RECOMMENDED as follows:

10       1.      Plaintiff's motion for summary judgment (Doc. 11) and appeal from the agency's

11               decision be denied.

12       2.      The Commissioner's request to affirm the agency's decision (Doc. 15) be granted.

13       3.      The Clerk of the Court be directed to enter judgment in favor of Defendant

14               Commissioner of Social Security, and against Plaintiff Lourdes Vasquez.

15       These Findings and Recommendations will be submitted to the United States District

16  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

17  **fourteen (14) days** after being served with these Findings and Recommendations, the parties may

18  file written objections with the court.  The document should be captioned "Objections to

19  Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed**

20  **fifteen (15) pages or include exhibits**.  **Exhibits may be referenced by document and page**

21  **number if already in the record before the Court.  Any pages filed in excess of the 15-page**

22  **limit may not be considered.**  The parties are advised that failure to file objections within the

23  specified time may result in the waiver of the "right to challenge the magistrate's factual

24  findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter*

25  *v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

    IT IS SO ORDERED.

26

27  Dated:   **July 9, 2025**                    /s/ *Barbara A. McAuliffe*

28                                               UNITED STATES MAGISTRATE JUDGE

12